UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABORERS PENSION TRUST FUND – DETROIT
& VICINITY; LABORERS VACATION & HOLIDAY
TRUST FUND – DETROIT & VICINITY; LABORERS
METROPOLITAN DETROIT HEALTH & WELFARE
FUND; LABORERS ANNUITY FUND – DETROIT &
VICINITY; and MICHIGAN LABORERS TRAINING
FUND,

      Plaintiffs,

                                                                                                   Civil No. 04-72517
                                                                                       Hon. John Feikens

      v.

ARGUS PRESSURE GROUTING SERVICES, INC.
(a/k/a and d/b/a ARGUS GEO LOGISTICS, INC.),

      Defendant.

_____/

**OPINION AND ORDER**

Plaintiffs, a group of trust funds for the Laborers International Union of North America ("Laborers Union"), have sued Argus Pressure Grouting Services, Inc. ("Argus"), claiming that Defendant Argus breached a collective bargaining agreement (the "CBA") entered into by Defendant and the Laborers Union. Specifically, Plaintiffs contend that Defendant failed to make fringe benefit contributions, as required by the CBA, for the period of July 2000 through June 2003. Pursuant to the CBA and federal law, Plaintiffs claim they are entitled to unpaid contributions, liquidated damages, prejudgment interest, and costs and attorney's fees. Plaintiffs filed a Motion for Summary Judgment, to which Defendant did not respond. For the reasons that follow, I GRANT Plaintiffs' Motion for Summary Judgment in its entirety.

I.      **FACTUAL BACKGROUND**

Plaintiffs are trust funds established under and administered pursuant to § 302 of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186, and the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq. (Compl. ¶ 1.) Defendant entered into a CBA with the Laborers Union, under which Defendant is obligated to make contributions for fringe benefits for those of its employees represented by the Laborers Union. (Pls.' Br. at 1.) An audit performed on Defendant's books and records by Plaintiffs' compliance auditors disclosed that Defendant had not paid fringe benefit contributions for certain employees for the period of July 2000 through June 2003. (Pls.' Br. at 1; Ex. A.) Unpaid contributions totaled $83,659.57, of which Defendant later paid $7,670.49, leaving a balance of $75,989.08. (Pls.' Br. at Ex. A; Pls.' Second Supp. Br. at 2.) Additionally, Plaintiffs claim that Defendant owes interest on the unpaid contributions ($11,288.31), liquidated damages ($8,386.23), and costs and attorney's fees ($5,520.50). (Pls.' Second Supp. Br. at 2; Ex. A.) Plaintiffs claim the total amount owed by Defendant is $101,184.12.[1]  Id.

Defendant's Answer to the Complaint admits that it may have failed to pay the contributions demanded by Plaintiffs, but denies any contractual violations. (Answer ¶ 5.) Defendant failed to file a Response to Plaintiffs' Motion for Summary Judgment, so Plaintiffs' statement of the facts is uncontested.

---

[1] Plaintiffs provide the following documentation in support of this sum: Affidavit of Keith Messing, compliance auditor; Messing's audit report identifying unpaid contributions and liquidated damages; statutory prejudgment interest calculation worksheet; affidavit and billing records of Robert Farr, Plaintiffs' attorney. (Pls.' Br. at Ex. A; Pls.' Second Supp. Br. at Ex. A.)

## II.     ANALYSIS

### A.     Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A fact is material only if it might affect the outcome of the case under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  The court must view the evidence and any inferences drawn from the evidence in a light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citations omitted); Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).

The burden on the moving party is satisfied where "there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  For a claim to survive a motion for summary judgment, the nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586.  Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," summary judgment should be granted.  See id. at 587.  The trial court has some discretion to determine whether the nonmovant's claim is plausible.  Betkerur v. Aultman Hosp. Ass'n, 78 F.3d 1079, 1087-88 (6th Cir. 1996).  See also Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989).

### B.     Standard of Review for Breach of CBA Claim

A claim for breach of a CBA between an employer and a union is governed by the LMRA, 29 U.S.C. § 185, et seq., pursuant to which federal courts have jurisdiction over such

3

disputes.  The applicable substantive law for such claims is federal law, "which the courts must fashion from the policy of our national labor laws."  Textile Workers Union v. Lincoln Mills of Ala., 353 U.S. 448, 456 (1957); see Local 174 v. Lucas Flour Co., 369 U.S. 95, 103 (1962). State law may be used if it is compatible with the purposes behind the LMRA; however, incompatible doctrines of state contract law must give way to the principles of federal labor law. Lucas Flour Co., 369 U.S. at 102.

The terms of the CBA (incorporating the Trust Agreement by reference) read in relevant part:

> The Trustees shall have the power to demand, collect and receive contributions due to the Trust Fund and to enforce all provision [sic] of the Pension Agreements regarding the amount, timing and manner of the payment of contributions.  The Trustees may impose a uniform schedule of assessments, as liquidated damages, for late payment of employer contributions which shall be established by the Trustees upon their consideration of the expenses incurred, opportunities lost and all other costs incident, arising from or related to the late payment of employer contribution.  The Trustees may also collect interest with respect to contributions paid after the date on which they were due.  The Trustees shall also have the power to demand, collect and receive recover [sic] all attorneys' fees and costs of collection incurred by the Trust Fund in enforcing the obligations regarding the payment of contributions.

(Pls.' Br. at 2; Ex. C.)  Therefore, based on the plain language of the CBA, Plaintiffs are entitled to recover from Defendant the unpaid contributions and interest accrued thereon, liquidated damages, and costs and attorney's fees.  Plaintiffs also are entitled to such relief under ERISA, 29 U.S.C. § 1132(g)(2)(A)-(E).

Because Defendant failed to file a Response, Plaintiffs' Motion is unopposed and its factual allegations uncontested.  Defendant has not offered any evidence showing that an issue of material fact exists, so as a matter of law, Plaintiffs should be awarded the relief sought.  Thus, I GRANT Plaintiffs' Motion for Summary Judgment and ORDER Defendant to pay Plaintiffs the

sum of $101,184.12, which represents unpaid fringe benefit contributions and interest thereon for the period of July 2000 through June 2003, liquidated damages, and costs and attorney's fees. Additionally, Plaintiffs seek to ascertain if any contributions are owed by Defendant for the period of July 2003 through the present. I ORDER Defendant to submit its books and financial records for this period to Plaintiffs for audit and inspection.

### III.   CONCLUSION

Plaintiffs' Motion for Summary Judgment is GRANTED. I ORDER Defendant to pay Plaintiffs the sum of $101,184.12. I ORDER Defendant to submit its books and financial records for the period of July 2003 through the present to Plaintiffs for audit and inspection.

**IT IS SO ORDERED.**

Date:   January 3, 2006                              s/John Feikens
                                                    United States District Judge

---

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on January 3, 2006, by U.S. first class mail or electronic means.

s/Carol Cohron
Case Manager